IH-32  Rev: 2014-1

# United States District Court
for the
## Southern District of New York
### Related Case Statement

**Full Caption of Later Filed Case:**

BARBARA MAHMUD

| Plaintiff | Case Number |
|---|---|
| vs. | 1:20-cv-10259 |
| CITY OF NEW YORK; ALENA AMINOVA; MICAHEL KENNEDY; NYPD Member of the Service JANE DOE #1, in her individual capacity; NYPD Members of the Service JOHN DOES #1-5, in their individual capacities | |
| Defendant | |

**Full Caption of Earlier Filed Case:**

(including in bankruptcy appeals the relevant adversary proceeding)

JAMILLA CLARK and ARWA AZIA, on behalf of themselves and others similarly situated, and TURNING POINT FOR WOMEN AND FAMILIES

| Plaintiff | Case Number |
|---|---|
| vs. | 1:18-cv-02334 |
| CITY OF NEW YORK | |
| Defendant | |

IH-32                                                                                                                                         Rev: 2014-1

**Status of Earlier Filed Case:**

☐ Closed   (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☒ Open   (If so, set forth procedural status and summarize any court rulings.)

Plaintiffs in CLARK v. CITY OF NEW YORK, 18-cv-10566-AT-KHP ("CLARK") filed a complaint on March 16, 2018. ECF No. 1. Defendants filed a Motion to Dismiss on June 13, 2018 (ECF No. 20), which the Court (Judge Torres) denied September 30, 2020 (ECF No. 144). On November 5, 2020, Judge Torres issued a Stipulation and Order of Settlement (the "Order") in satisfaction of Plaintiffs' claims for declaratory relief. ECF No. 153. The Order also applies to another class action pending before Judge Torres, ELAYSED v. CITY OF NEW YORK et al., 18-cv-02334-AT-KHP ("ELAYSED"). See ELAYSED, ECF No. 78. The Order does not resolve the damages claims of either the CLARK or ELAYSED Plaintiffs. As such, both actions remain pending before Judge Torres.

**Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.**

The instant case ("MAHMUD") is related to two earlier filed cases, both of which are pending before Judge Torres. The first related case is CLARK v. CITY OF NEW YORK, 18-cv-10566-AT-KHP ("CLARK"). The second related case is ELAYSED v. CITY OF NEW YORK et al., 18-cv-02334-AT-KHP ("ELAYSED").

In both earlier filed cases, Plaintiffs bring class actions against the City of New York alleging that the New York Police Department's practice of forcing Muslim women to remove their religious head-scarves (hijabs) for post-arrest processing photos (the "Hijab Removal Policy") violates the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc). In both cases, Plaintiffs also bring damages claims under 42 U.S.C. § 1983 for violations of the Free Exercise Clause of the First Amendment. In CLARK, Plaintiffs additionally allege the Hijab Removal Policy violates Article I, Section 3 of the New York State Constitution, and sought declaratory relief under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201-02. In ELAYSED, Plaintiffs additionally allege Intentional Infliction of Emotional Distress under New York Common Law. On November 5, 2020, Judge Torres issued a Stipulation and Order of Settlement in satisfaction of the CLARK Plaintiffs' claims for declaratory relief. See CLARK, ECF No. 153. The Order does not resolve the monetary claims on the plaintiffs in either CLARK or ELAYSED, nor does it resolve the claims of the organizational Plaintiffs in CLARK or the CLARK Plaintiffs' purported class claim brought pursuant to F.R.C.P. 23(b)(3). See CLARK, ECF No. 153; ELAYSED, ECF No. 78. As such, both actions remain pending before Judge Torres.

In the instant case, Plaintiff Barbara Mahmud likewise alleges that the Hijab Removal Policy violates the Religious Land Use and Institutionalized Persons Act and brings damages claims under 42 U.S.C. § 1983 for violations of her rights as guaranteed by the Free Exercise Clause of the First Amendment, for Failure to Intervene, and for Municipal Liability, stemming from incidents on October 6, 2020 during which officers of the New York Police Department forced Ms. Mahmud to remove her hijab for two sets of post-arrest processing photographs. MAHMUD, CLARK, and ELAYSED all involve similar facts, namely, Plaintiffs all allege that application of the City of New York's Hijab Removal Policy violated their religious and constitutional rights. All actions involve similar legal issues, namely, whether the Hijab Removal Policy violates the Religious Land Use and Institutionalized Persons Act and/or the Free Exercise Clause of the First Amendment. As MAHMUD concerns the same or substantially similar parties and events as CLARK and ELAYSED; there is substantial factual overlap between the cases; and absent a determination of relatedness the parties in each could be subjected to conflicting orders and there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties and witnesses, it serves the interests of justice and efficiency to assign the instant case to Judge Torres.

Signature: /s/ David A. Lebowitz                                   Date: 12/4/2020

Firm: Kaufman Lieb Lebowitz & Frick LLP